STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant HEATH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 16-0044 WHA |
| ) | |
| Plaintiff, ) | UNOPPOSED MOTION FOR |
| ) | COMPETENCY EVALUATION; |
| v. ) | SUPPORTING DECLARATION; |
| ) | ~~PROPOSED~~ ORDER |
| LEONARD HEATH, ) | |
| ) | Honorable William H. Alsup |
| Defendant. ) | |
| _____ ) | |

UNOPPOSED COMPETENCY MOTION

**ARGUMENT**

Undersigned counsel for Defendant Leonard Heath respectfully submits this unopposed motion for an in-custody competency evaluation of Mr. Heath pursuant to 18 U.S.C. § 4241 in light of his ongoing suicidal ideation and recent suicide attempt.

Section 4241 provides for a competency hearing if the Court determines that there "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense." 18 U.S.C. § 4241(a). The first step in the process for such a hearing is a psychiatric or psychological evaluation. *See id.* § 4241(b).

Here, undersigned counsel for Mr. Heath is very concerned about Mr. Heath's ability to assist properly in his own defense in light of his ongoing suicidal ideation and recent suicide attempt. *See* Declaration of Daniel P. Blank (filed concurrently with this memorandum) [hereinafter "Blank Decl."] ¶ 2. Soon after being appointed to represent Mr. Heath, undersigned counsel was advised by Mr. Heath's uncle, Joe Gordon, that Mr. Heath had indicated an intent to commit suicide. *See id.* Undersigned counsel immediately advised the U.S. Marshal's office of this information so that the facility where Mr. Heath was being house, the San Francisco County Jail, 850 Bryant Street, could be alerted of the need to take protective measures. *See id.* Nevertheless, several days later, Mr. Heath made a serious attempt to commit suicide by hanging himself with a bedsheet. *See id.* It was only by fortunate happenstance that Mr. Heath was discovered before he died. *See id.* Mr. Heath was only able to be resuscitated by means of intubation. *See id.* Thereafter, Mr. Heath was placed on active suicide watch at the San Francisco County Jail. *See id.* This entails keeping all materials that could be used for self-harm away from Mr. Heath, including all clothing (except for a poncho that is not strong enough to be used to hang himself) and his legal paperwork. *See id.* Undersigned counsel has been advised by personnel at the jail that Mr. Heath will remain in this situation until he is deemed to be stable enough to return to the general population, a process that will take at least several weeks. *See id.*

UNOPPOSED COMPETENCY MOTION          - 1 -

In the opinion of undersigned counsel, Mr. Heath is presently unable to assist properly in his own defense because of the overwhelmingly distracting effects of his ongoing suicidal ideation and the ramifications of his recent suicide attempt. Accordingly, undersigned counsel respectfully moves the Court to order a competency hearing for Mr. Heath under 18 U.S.C. § 4241. *See* Attachment A (Proposed Order). The first step in this process is an evaluation of Mr. Heath by a Bureau of Prisons mental health professional. *See id.* The proposed date for the hearing, April 26, 2016, takes into account the statutory provisions for such a hearing and the time needed to prepare a report for the Court and counsel. *See id.* Time under the Speedy Trial Act would be excludable under 18 U.S.C. § 3161(h)(1)(A). Government counsel and the Bureau of Prisons has been consulted in the drafting the of this motion and proposed order and they are not opposed.

Dated: February 29, 2016

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender

/s/
_____
DANIEL P. BLANK
Assistant Federal Public Defender

STEVEN G. KALAR
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706

Counsel for Defendant HEATH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                                                              )<br>                        Plaintiff,     )<br>                                                              )<br>          v.                                               )<br>                                                              )<br> LEONARD HEATH,                      )<br>                                                              )<br>                        Defendant.   )<br> _____) | No. CR 16-0044 WHA<br><br>DECLARATION OF DANIEL P. BLANK IN SUPPORT OF UNOPPOSED MOTION FOR COMPETENCY EVALUATION |

Daniel P. Blank states as follows:

1. I am an Assistant Federal Public Defender practicing in the Northern District of California. I was appointed to represent Leoard Heath, the defendant in the above-captioned case. Based upon my investigation of the case, as well as the review of discovery provided to me by the government, I am informed and believe that the following facts are true.

2. Soon after being appointed to represent Mr. Heath, I was advised by Mr. Heath's uncle, Joe Gordon, that Mr. Heath had indicated an intent to commit suicide. I immediately advised the U.S. Marshal's office of this information so that the facility where Mr. Heath was being house, the San Francisco County Jail, 850 Bryant Street, could be alerted of the need to take protective measures. Nevertheless, several days later, Mr. Heath made a serious attempt to commit suicide by hanging himself with a bedsheet. It was only by fortunate happenstance that Mr. Heath was discovered before he died. Mr. Heath was only able to be resuscitated by means

of intubation.  Thereafter, Mr. Heath was placed on active suicide watch at the San Francisco County Jail.  This entails keeping all materials that could be used for self-harm away from Mr. Heath, including all clothing (except for a poncho that is not strong enough to be used to hang himself) and his legal paperwork.  I have been advised by Diana Wright at the jail that Mr. Heath will remain in this situation until he is deemed to be stable enough to return to the general population, a process that will take at least several weeks.

I DECLARE under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Signed and dated on the 29th of February, in San Francisco, California.


_____/s/_____

DANIEL P. BLANK

DECLARATION OF DANIEL P. BLANK         - 2 -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>LEONARD HEATH,<br><br>  Defendant. | No. CR 16-0044 WHA<br><br>[~~PROPOSED~~] ORDER FOR COMPETENCY EXAMINATION (18 U.S.C. § 4241(a)) |

Upon the unopposed motion of counsel for Defendant Leonard Heath made pursuant to 18 U.S.C. § 4241(a), and for good cause appearing, IT IS HEREBY ORDERED that a hearing be held on April 26, 2016, at 2:00 p.m. to determine the defendant's mental competency. Based upon the undisputed representations of defense counsel, the Court finds that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he may be unable to assist properly in his own defense. 18 U.S.C. § 4241(a).

IT IS FURTHER ORDERED that an evaluation of Mr. Heath be conducted by a licensed or certified psychiatrist and/or psychologist in order to determine his mental competency pursuant to 18 U.S.C. § 4241(b). The United States Marshal is hereby authorized to transport Mr. Heath forthwith to s a suitable facility designated to perform the psychiatric and/or psychological mental examination. Accordingly, Mr. Heath is committed to the custody of the Attorney General for placement in a suitable facility in order to conduct such an evaluation. Unless impractical, the

- 1 -

evaluation shall be conducted in a suitable facility closest to the Court. Further, the time of the commitment for purposes of conducting the examination shall not exceed thirty days, unless the director of the facility applies for a reasonable extension, not to exceed fifteen days, upon a showing of good cause. 18 U.S.C. §§ 4241(b), 4247(b).

IT IS FURTHER ORDERED that the examining psychiatrist(s) and/or psychologist(s) prepare a report to be filed with the Court no later than April 19, 2016. Copies of the report shall also be furnished to counsel for the defendant and counsel for the government pursuant to 18 U.S.C. § 4247(c). The report shall include:

(1) the defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3) the examiners' findings;

(4) the examiners' opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense. 18 U.S.C. § 4247(c).

IT IS FURTHER ORDERED that the time up through and including April 26, 2016, be excluded under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A).

IT IS SO ORDERED.

DATED: March 1, 2016.

WILLIAM H. ALSUP
United States District Judge

- 2 -